THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AQUILINO RIVERA RODRÍGUEZ, Defendant and Appellant.

No. 14217. Argued November 21, 1949.—Decided November 30, 1949.

*Manuel López Carrillo* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE TODD JR., delivered the opinion of the Court.

Aquilino Rivera Rodríguez was charged with violating Act No. 220 of 1948, it being alleged that ". . . he was found on 13th Street, Barrio Obrero, having in his possession six numbered lists containing numbers of three figures, followed by a dash and numbers of one and two figures, for *bolita,* and the sum of $12, all of which could be used and was used by

the defendant in the illegal game known as 'bolita.' " He was convicted and sentenced to serve six months in jail. Feeling aggrieved by the judgment he appealed and contends herein that the lower court erred in overruling the motion of nonsuit which he filed, and in weighing the evidence.

The Assistant *Fiscal* of this Court has consented to the judgment as he deems that the evidence presented is wholly insufficient. He correctly summarizes said evidence as follows:

"The evidence for the prosecution tended to show that sometime around May 4, 1949, at approximately three o'clock in the afternoon, Aquilino Rivera Rodríguez was in his automobile which was parked on a street of Barrio Obrero in Santurce; that on the seat by appellant's side an unknown man sat, who, upon seeing the policemen, thrust himself out of Aquilino's automobile, threw away some slips of paper and started running; that appellant then moved his automobile a short distance; he stopped and the policemen searched said automobile; that the police seized the slips of paper before searching the automobile; that Aquilino stated that he had been a banker; that upon searching the car, the police did not find anything; that the numbers on the slips of paper which the policemen picked up are *bolita* numbers, which game is played according to the Puerto Rico and Santo Domingo Lotteries; that at no time did appellant throw away or operate anything.

"The defendant testified that on the afternoon of the occurrence, he stopped on 11th Street of Barrio Obrero and called a man who was there to inquire about a friend; that upon approaching the window on the right-hand side of the car, the man did not even get to answer him, but looked backwards and started running; that when the man did that, he saw a car coming by the back of his car, whereupon he moved forward, more to the right, and stopped; that then two persons ordered him to step down from the automobile, they ordered him to open the automobile's trunk and searched the car thoroughly, even under the seats; that then they arrested him, took him to Police Headquarters in Stop 19 and from there to the office of the District Attorney; that he told the persons who arrested him that he had been a banker once."

 The first assignment lacks merit. The fact that the defendant presented his evidence after the court had overruled his motion for nonsuit, is equivalent to a waiver of said motion. *People* v. *Zayas,* 65 P.R.R. 504.

 Passing on the merits of the case, there is nothing in the record to show or which tends to show that the defendant herein "had in his possession six numbered lists . . ." as alleged in the information. Neither was there anything found in his automobile when it was searched by the policemen. The $12 referred to in the information were seized when he was searched in the District Attorney's office. The numbered lists which were presented as evidence were found on the street by the policemen, where the person who started running had thrown them, before the automobile had been searched. The fact that the defendant admitted that he had been a banker and that the person who ran and threw away the lists was talking to him a short time previously, could raise a suspicion against the accused but ". . . it is well known that no one may be found guilty by mere suspicions, no matter how strong these may be." *People* v. *Bonilla,* 61 P.R.R. 125, 128.

The judgment will be reversed and another entered acquitting the defendant.